# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-193-JED-JFJ |
| | ) |
| MIKE REED; MITCH GOODMAN; | ) |
| OKLAHOMA STATE POLICE; | ) |
| MAYES COUNTY SHERIFF'S DEP'T, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On April 11, 2017, Plaintiff, a prisoner in custody at the Mayes County Jail (MCJ), filed a *pro se* 42 U.S.C. § 1983 civil rights complaint (Doc. 1). Plaintiff has been granted leave to proceed *in forma pauperis*, *see* Doc. 3, and has paid the initial partial filing fee as directed by the Court, *see* Doc. 6. By Order filed May 25, 2017 (Doc. 7), the Court directed Plaintiff to file an amended complaint to cure deficiencies. On June 14, 2017, Plaintiff filed an amended complaint (Doc. 9). For the reasons discussed below, the amended complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice.

**A.    Screening/Dismissal standards**

As Plaintiff was previously advised, *see* Doc. 7, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The

court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

B.     **Request for appointment of counsel is denied**

As part of his request for relief, Plaintiff asks that he be "given an attorney." The Court has discretion to appoint an attorney to represent an indigent plaintiff where, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding. *McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation and internal quotation marks omitted). After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, *see Rucks*, 57 F.3d at 979; *McCarthy*, 753 F.2d at 838-40; *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981), the Court denies Plaintiff's request for appointment of counsel.

C.     **Amended complaint fails to state a claim upon which relief may be granted**

The Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff describes the nature of the case as follows: "[o]n being aressted [sic] on Dec. 22nd, 2016, I was grossly mistreated, beaten, stomped, to the point of being hospitalized, stitches in my face, several teeth knocked out, both shoulder[s] ripped out of sockett [sic]!" *See* Doc. 9 at 2. Plaintiff identifies three grounds for relief, quoted in their entirety, as follows:

| | |
|---|---|
| Count I: | Excessive force on 12-22-16 by the Mayes County Sheriff's Office & Oklahoma Highway Patrol.<br>On being arrested on Dec. 22nd, 2016, I was severally [sic] beaten, & put in the hospital. Dash cameras & body cameras on said night should show and prove everything. |
| Count II: | Denied access to the law library depriving of my legal right to be able to work my own case and to work my law suites [sic].<br>I have filed [sic] out many request forms to the Jail Administrator and Asst. Admin. to go to the law library. Back in 1999/2000 their [sic] was an [sic] court ordered action, stating jail personnel has to give us law library time. |
| Count III: | Failure to provide copy of new access to court policy! Explaining my new rights as a Mayes County inmate and to all evidence to my case!<br>I have requested over & over for access to the law library and to all information pertaining to my case. I've requested to have all names of officers involved in my arrest, 7 state policemen & 4 Mayes County Deputy Sheriffs! |

*Id.* Plaintiff names four (4) defendants: Mike Reed, Sheriff of Mayes County; Mitch Goodman, MCJ Administrator; Oklahoma State Police; and Mayes County Sheriff's Department. *Id.* at 1. Plaintiff seeks "to be set free, all charges dropped against me! Or to be given an attorney to help me with all these law suites [sic] and plus all my medical bills paid and to be compensated for all my pain , my suffering due to this incident, and plus the $1 million dollars." *Id.* at 3.

**1. Improper defendants named for Count I**

Plaintiff has sued improper defendants. Neither "Oklahoma State Police" nor "Mayes County Sheriff's Dep't" is a separate suable entity. As Plaintiff was previously advised, *see* Doc. 7 at 4, while a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138 (1986); *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993); *PBA Local No. 38 v. Woodbridge Police Dep't*,

4

832 F. Supp. 808, 826 (D.N.J. 1993). For that reason, Defendants "Oklahoma State Police" and "Mayes County Sheriff's Dep't" are dismissed from this action.

### 2. Lack of personal participation by Defendant Reed

Plaintiff identifies Mike Reed, Mayes County Sheriff, as a defendant and explains that Mike Reed is the Sheriff "of Mayes County & of the jail, is over all sheriffs who where [sic] at my arrest." (Doc. 9 at 1). In Count I, Plaintiff further alleges that, during his arrest, he was subjected to excessive force "by the Mayes County Sheriff's Office & Oklahoma Highway Patrol." *Id.*

Plaintiff's limited factual allegations regarding the actions of Defendant Reed continue to be insufficient to state a claim upon which relief may be granted. As Plaintiff was previously advised, *see* Doc. 7 at 4-5, personal participation is an essential element of a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Garrett v. Stratman*, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); *see also Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (requiring a plaintiff to show an "affirmative link" between the supervisor and the constitutional violation).

Plaintiff fails to allege facts demonstrating that Defendant Reed personally participated in, had knowledge of, or acquiesced in the alleged wrongdoing giving rise to his claim of excessive use of force. Nowhere in the complaint does Plaintiff describe any acts or omissions by Defendant Reed that rise to the level of a constitutional violation. Furthermore, it appears that Plaintiff seeks to hold Defendant Reed liable based solely on his role as supervisor. For those reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted as to Defendant Reed. Therefore, any claim against Defendant Reed in his individual capacity is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. No allegation of policy or custom

To the extent Plaintiff sues Defendants Reed and Goodman in their official capacities, the complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Under § 1983, a municipality may not be held liable on a theory of respondeat superior. *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

"A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff does not identify a policy or custom that was the moving force behind the alleged constitutional violations. As a result, the complaint is insufficient to state a claim as to municipal liability. *Id.*; *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998). Therefore, to the extent Plaintiff has sued Defendants Reed and Goodman in their official capacities, the complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice.

### 4. Access to courts

In Count II, Plaintiff alleges that he has been denied access to a law library. *See* Doc. 9 at 2, 3. The Court previously explained, *see* Doc. 7 at 6, 7, that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). But the constitutional obligation does not require states to afford inmates unlimited access to a library, *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978), and is satisfied if states provide inmates with "a reasonably adequate opportunity" to present their legal claims, *Bounds*, 430 U.S. at 825. Furthermore, an inmate alleging a violation of the constitutional right of access to the courts "must show actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (interpreting *Lewis*). For example, an inmate cannot bring a constitutional access to the court claim simply because that inmate's prison law library is subpar. *See Lewis*, 518

7

U.S. at 351.  Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.*

In this case, Plaintiff simply alleges that he has not been allowed access to a law library.  He has not asserted that he is proceeding *pro se* in his criminal case nor has he made any allegation suggesting that he has been hindered in pursuing a legal claim.  The Court finds that Plaintiff's conclusory allegations are inadequate to support a claim of denial of access to courts in violation of the Constitution.

Plaintiff also references a court order entered in "1999/2000." *See* Doc. 9 at 3.  The Order cited by Plaintiff was entered November 4, 2002, more than fourteen years ago, to conclude a settled class action civil rights lawsuit commenced to challenge the overall conditions of confinement at the MCJ, including conditions resulting from a grossly deteriorated physical plant.  In contrast to the instant case where Plaintiff seeks one million dollars in damages, all claims for money damages had been dropped prior to settlement and entry of the consent order.  Although it appears that MCJ prisoners are currently not allowed to access the "Mayes County Law Library," as required in the 2002 Consent Order, prisoners are provided copies of legal materials upon request.  As stated above, in the absence of any allegation of actual injury resulting from the current methodology in use at the MCJ, it appears that the MCJ access to courts policy is adequate to satisfy <u>Bounds</u> and <u>Lewis</u>.

In summary, Plaintiff's allegations in Count II are inadequate to support a claim of denial of access to courts.  Count II is dismissed for failure to state a claim upon which relief may be granted.

### 5. Failure to provide copy of policy

As part of Count III, Plaintiff complains that he was not provided a copy of the "new access to court policy." *See* Doc. 9 at 3. However, as discussed above, Plaintiff's amended complaint fails to state a claim as to alleged restrictions in access to a law library. Plaintiff does not explain how the failure to be provided a copy of the jail's law library policy hindered his ability to pursue a legal claim. As a result, the Court finds that Plaintiff's conclusory allegations continue to be inadequate to demonstrate a constitutional violation and this part of Count III is dismissed for failure to state a claim.

### 6. Failure to provide evidence

Plaintiff also complains that MCJ officials have failed to provide all of the evidence in his criminal case upon his request. *See* Doc. 9 at 3. Under Oklahoma law, a county sheriff is responsible for the operation and maintenance of the jail in that county and is responsible for the detainees and inmates in his or her custody. *See* Okla. Stat. tit. 19, § 513. However, none of the defendants named in this action has the authority to access evidence in a detainee's criminal case or any obligation to provide evidence in a criminal case to the detainee upon request. This part of Count III is dismissed for failure to state a claim upon which relief may be granted.

### 7. Improper request for relief

As part of his request for relief, Plaintiff asks "to be set free, all charges dropped against me!" *See* Doc. 9 at 3. Plaintiff's request is improperly asserted in this case. A request for dismissal of charges and release from custody is in the nature of habeas corpus and is not cognizable in a civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court of the United States held that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration

of his confinement and seeks immediate or speedier release. *Id.* at 489; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser* and reiterating that prisoners cannot use civil rights actions to challenge "the fact or duration of [their] confinement"). Therefore, Plaintiff's request "to be set free, all charges dropped" is improper in this civil rights case.

**D. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**E. Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the $350 filing fee for this case. *See* 28 U.S.C. § 1915(b).


**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's request for appointment of counsel is **denied**.
2. Plaintiff's amended complaint (Doc. 9) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the balance owed on the **$350** filing fee for this case.

5. A separate judgment shall be entered in this matter.

ORDERED THIS 19th day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE